# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE FARM FIRE & CASUALTY
COMPANY, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

                      **Plaintiffs,**

-vs-                                   **Case No.  6:04-cv-1882-Orl-22DAB**

SAMY F. BISHAI, M.D., P.C.; SAMY F.
BISHAI, M.D., P.A.; and SAMY F. BISHAI,
individually,

                      **Defendants.**
_____

## ORDER

       This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL (Doc. No. 55)** |
| **FILED:** | **August 19, 2005** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL DEPOSITION OF CORPORATE REPRESENTATIVE (Doc. No. 58)** |
| **FILED:** | **August 29, 2005** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Defendants seek to overrule objections lodged to a Rule 30(b)(6) deposition request and Interrogatories. Defendants also seek to compel State Farm to produce a corporate representative on a particular date.

With respect to the deposition notice, the motion to compel is **denied.** State Farm has been asked to produce a witness to testify regarding claims handling procedures over the applicable period of time at issue, and to produce manuals and other related documents setting forth those procedures. State Farm has objected, noting that its handling of claims is not the subject of the suit; rather, it is the allegedly fraudulent billing practices of Defendant. Nonetheless, State Farm states that it will produce a corporate representative able to testify with respect to the particular claims at issue. Moreover, in response to the motion (Doc. No. 59), State Farm acknowledges that some inquiry into its billing practices is relevant with respect to the statute of limitations defense, and has agreed to produce a witness to testify with respect to that issue. As such, Defendants' motion is moot or premature, at best.

At deposition (which should be scheduled for a mutually convenient time *forthwith*), to the extent the State Farm representative refuses to answer a relevant question or to produce a relevant, requested document, a motion with respect to that specific question or questions may be brought. As for Defendants' request that the Court order State Farm to produce its witnesses for a specific date, the Court declines to do so. Counsel are perfectly capable of scheduling a deposition, without the assistance of the Court. The Court sees no obstruction of discovery, nor reason for granting a continuance. Counsel are reminded of their professional obligations, as well as their duty under Local Rule 2.04(h) to cooperate in such matters.

With respect to Interrogatories, the motion is **granted, in part and denied, in part, as follows.**

### Reservation of Rights language

In their Response, Plaintiffs added a paragraph entitled "Reservation of Right to Supplement," which Defendants seek to strike as "wholly inappropriate."  The Court declines to do so.  The reservation does no more than state the obvious: recognition of the ongoing duty to supplement the responses, as discovery continues.

### Interrogatory Number 3

Defendants seek the identity of all doctors involved in the allegedly improper referral of patients.  State Farm answered, identifying one doctor, in particular, and noting, in essence, that discovery is ongoing, and Defendants know who they were involved with, anyway.  The Court agrees with Defendants that this response does not directly answer the question, but it appears from State Farm's response to the motion, that State Farm has provided all of the information it has to date.  Subject to the ongoing duty to supplement this response, the Court cannot compel State Farm to provide information it does not have.  Thus, the motion is **granted, in part** in that State Farm is **ordered** to supplement the response to state definitely either that it knows of only the one referring doctor or providing additional responsive names.

### Interrogatory Number 4

Defendants seek, in essence, details regarding the alleged amount of overcharges and the exact forms and documents supporting the claim.  Plaintiffs have responded, setting forth the general detail of their claim.  Defendants assert that the answer is inadequate as the proper measure of damages is not forfeiture of all monies paid.  The motion is **denied.**  Defendants argument goes to the merits of

the claim, as opposed to a discovery issue.  The answer was responsive, and additional detail can be had upon deposing the corporate representative.

**Interrogatories 5, 6 and 7**

This seeks the factual basis of the claim.  In its answer, Plaintiffs' provided it.  The Court sees no basis for the motion to compel a better answer.  The motion is **denied** as to these Interrogatories**.**

**Interrogatory 8**

In this Interrogatory, Defendants seek to identify what assets were stolen, per Plaintiffs' allegations of civil theft.  Plaintiffs' response indicates that it was the amount Defendant billed and State Farm paid, as evidenced by the checks sent to Defendant and in Defendant's own billing records. Defendants argue that civil theft requires specifically identifiable assets.  Again, this argument goes to the merits of the answer – not the responsiveness of the answer.  Plaintiffs answered the Interrogatory.  There is nothing to compel. The motion is **denied.**

**Interrogatories 9 and 10**

These seek the factual basis of the claim.  Plaintiffs' responded, including incorporating answers given to other Interrogatories.  The Court sees no basis for the motion to compel a better answer.  The motion is **denied** as to these Interrogatories**.**[1]

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1]Defendants seem to be under the impression that they are entitled to an itemization of the claims, in the particular manner requested.  Such is not the case.  To the extent State Farm has information about the claims, it is obligated to provide it and will be bound by its answers (subject to legitimate supplementation).  To the extent State Farm does *not* have more than a general idea of what it *thinks* happened, however, that is not a discovery issue, but a problem of proof, better addressed by a motion directed to the merits of the claim.

Copies furnished to:

Counsel of Record